IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PERRY LONNIE SIMMONS                                                                   PLAINTIFF

vs.                                      Civil No. 6:16-cv-06111

CAROLYN W. COLVIN                                                                      DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Pending now before this Court is Defendant's Motion to Dismiss. ECF No. 9.[1] Plaintiff has responded and does oppose the granting of this motion. ECF No.11.[2] The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6. Pursuant to this authority, the Court issues this Memorandum Opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Defendant filed a Motion to Dismiss alleging Plaintiff's complaint was untimely filed. Defendant states the complaint was not filed within the statutory time limitation of sixty days following the Commissioner's notice to Plaintiff that his request for review was denied. According to Defendant, the Appeals Council denied Plaintiff's request for review on June 7, 2016. ECF No. 10-1, Pg. 4. Therefore, Plaintiff should have commenced his civil action on or before August 11, 2016. This date includes the additional five days for receipt by mail. The Complaint in this case was actually filed on October 31, 2016. ECF. No. 1.

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

[2] Counsel for Plaintiff states Plaintiff passed away December 29, 2016.

**2. Discussion:**

The only civil action an individual may bring on any claim arising under Title II or Title XVI of the Social Security Act is an action to review the final decision the Commissioner has made after hearing the case. An individual must commence that action within sixty days after receiving notice of the Commissioner's final decision or within such further time as allowed by the Commissioner. The Commissioner may extend the time for instituting a civil action upon a claimant's request and showing of good cause. *See* 42 U.S.C. 405(g); 20 C.F.R. § 422.210(c).

The Appeals Council denied Plaintiff's request for review on June 7, 2016. ECF No. 10-1, Pg. 4. Based on this, Plaintiff should have commenced his civil action on or before August 11 2016. This date includes the additional five days for receipt by mail. Plaintiff filed his complaint on October 31, 2016. ECF No. 1. Defendant asserts this filing is untimely. The Plaintiff does not oppose this Motion to Dismiss. Based on this, the Court finds Plaintiff's complaint was not filed timely and should be dismissed.

**3. Conclusion:**

Based on the foregoing, Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED**. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

   **ENTERED** this **20th day of January 2017.**

        /s/   Barry A. Bryant
        HON. BARRY A. BRYANT
        U.S. MAGISTRATE JUDGE